1  DAVID J. SCHARF 170083
   Gravitas Law Group APC
2  620 Newport Center Dr. Suite 1100
   Newport Beach, CA 92660
3  (714) 975-8281 Office
4  (714) 441-5827 Fax
   Counsel for Defendant Reed's Inc.
5

6
7                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
8                       **SAN FRANCISCO DIVISION**
9

| | |
|---|---|
| 10  JARHONDA JONES, individually and on behalf of all others similarly situated, | Case No. 3:25-cv-07102-JCS |
| 11  Plaintiff, | **DEFENDANT REED'S, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT PURSUANT TO 28 U.S.C. § 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES** |
| 12   | |
| 13  v. | |
| 14   | |
| 15  REED'S, INC., | |
| 16  Defendant. | Date: January 7, 2026 |
| 17   | Time: 9:30 am |
| 18   | Courtroom: F, 15th Floor |
|     | Judge: Hon. Joseph C. Spero |

19
20  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

21      **PLEASE TAKE NOTICE** that on January 7, 2026, at 9:30 a.m., or as soon thereafter as the
22  matter may be heard, in Courtroom F, 15th Floor of the above-entitled Court, Defendant Reed's, Inc.
23  ("Reed's") will move to transfer this action to the United States District Court for the District of
24
25  Connecticut pursuant to 28 U.S.C. § 1404(a).
26      Reed's is incorporated in Delaware and maintains its principal place of business at 501
27  Merritt 7, Norwalk, Connecticut 06851. The challenged labeling and marketing decisions for Virgil's
28  Black Cherry products were developed and implemented by personnel located at or reporting into

Reed's Connecticut headquarters. Most of the relevant witnesses and documents are there. By contrast, Plaintiff is a single California consumer challenging a national marketing program on behalf of a nationwide class. On these facts, the convenience of parties and witnesses and the interests of justice strongly favor litigating in Reed's home forum.

This Motion is based on this Notice, the following Memorandum, and the pleadings and evidence of record.

Dated: November 17, 2025.                                GRAVITAS LAW GROUP

                                                         By: _____
                                                              David J. Scharf
                                                              Attorneys for Defendant
                                                              REED'S, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## VI. INTRODUCTION

This is a single-product label case about national packaging and marketing conceived and controlled from Reed's headquarters in Norwalk, Connecticut. The proposed class and alleged conduct are nationwide; the relevant corporate witnesses—regulatory, marketing, R&D, finance—and the documents concerning product formulation, label development, regulatory compliance, and sales are overwhelmingly located in or near Connecticut.

Plaintiff's only connection to this District is her alleged purchase of a single bottle of Virgil's Black Cherry soda in San Francisco. In a nationwide putative class action, that localized purchase does not outweigh the substantial convenience and fairness considerations favoring Reed's home forum. Transfer under § 1404(a) will place the case where it most logically belongs, avoid unnecessary burdens on California jurors and witnesses, and promote uniform adjudication of any overlapping labeling disputes involving Virgil's products.

## VII. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice," a district court may transfer a civil action to any other district where it might have been brought. Courts consider: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of witnesses; (4) ease of access to proof; (5) the forum's contacts with the controversy; (6) the respective courts' familiarity with governing law; (7) local interest in the controversy; and (8) relative docket congestion and judicial efficiency. See, e.g., *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498–99 (9th Cir. 2000).

When the operative facts did not occur in the chosen forum and the action is a nationwide class case, a plaintiff's choice of forum receives "less deference." *Id.*

## VIII. VENUE WOULD BE PROPER IN THE DISTRICT OF CONNECTICUT

This action "might have been brought" in the District of Connecticut because Reed's maintains its principal place of business there and is subject to general jurisdiction in that district. 28 U.S.C. § 1391(b)(1), (c)(2). The events giving rise to Plaintiff's claims—label design, regulatory review, marketing strategy, and national distribution decisions—occurred principally at Reed's Connecticut headquarters.

## IX. THE § 1404(A) FACTORS FAVOR TRANSFER

### F. Plaintiff's choice of forum is entitled to reduced deference.

Although Plaintiff resides in California and purchased in San Francisco, she seeks to represent a nationwide class and challenges national labels and marketing that emanate from Reed's Connecticut headquarters. In such circumstances, "plaintiff's choice of forum is entitled to only minimal consideration." See *Kincaid v. City of Fresno*, 244 F.R.D. 597, 601–02 (E.D. Cal. 2007) (reduced deference in putative class actions); *Epitope, Inc. Sec. Litig.*, 1992 U.S. Dist. LEXIS 22705, at *11–*14 (D. Or. Nov. 30, 1992).

### G. The convenience of parties and witnesses strongly favors Connecticut.

Reed's is a relatively small company. Its key witnesses in this case are likely to include:

- Regulatory and quality personnel who oversaw compliance with FDA's flavor-labeling regulations and the Sherman Law;

- Marketing and branding personnel who developed Virgil's packaging and advertising;

- R&D or formulation personnel responsible for the black cherry flavor system; and

- Finance and sales personnel who can address pricing, sales volumes, and damages issues.

Those employees work at or report into Reed's Connecticut headquarters or nearby offices. Requiring them all to travel repeatedly to San Francisco for depositions and trial would impose

significant burdens and costs, particularly in a case where the challenged conduct is national and the only local nexus is a single consumer purchase.

By contrast, Plaintiff is a single individual whose testimony could be taken in Connecticut, remotely, or by preservation deposition. In a nationwide putative class action involving a corporate defendant, courts routinely hold that the convenience of party witnesses weighs in favor of the defendant's home forum. See, e.g., *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2017 U.S. Dist. LEXIS 102335, at *13–*18 (S.D. Cal. June 28, 2017).

Non-party witnesses—such as third-party flavor houses, labeling vendors, or consultants—are also more likely to be in or closer to Connecticut than to San Francisco, and a Connecticut court can more readily compel their attendance.

H. **The locus of operative facts and access to proof favor Connecticut.**

The "center of gravity" of a false-advertising case is where the challenged marketing and labeling decisions were made, not where one consumer happened to purchase. Here, the operative decisions regarding Virgil's labels, flavor formulations, and regulatory compliance occurred at Reed's headquarters.

Documents relating to product development, label artwork, regulatory reviews, CLRA correspondence (including the 2021 Wilson demand and your substantive response), and sales data are maintained by Reed's in Connecticut (or in systems managed from there). Electronic discovery can be conducted anywhere, but centralizing document collection and witness access in the forum where the company is based promotes efficiency and reduces cost.

I. **The forum's contacts with the controversy and local interest are greater in Connecticut.**

This action concerns national labeling and regulatory compliance decisions by a Connecticut-based company. Connecticut has a strong interest in regulating companies headquartered within its

borders and in adjudicating disputes about their national marketing practices. California's local interest is comparatively limited: one California consumer's purchase of a nationally distributed soda.

When the key conduct originates in the defendant's home forum, courts routinely hold that the local interest factor favors transfer to that forum. See, e.g., *United Energy Trading, LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1122, 1156–58 (N.D. Cal. 2015) (discussing § 17200 and local interests).

### J. Judicial economy and consistency favor adjudication in Reed's home forum.

This case raises national issues—preemption under the FDCA/NLEA, application of FDA flavor-labeling regulations, and the scope of nationwide class relief under California law. There is a substantial possibility of overlapping or copycat litigation in other jurisdictions (as illustrated by the prior Wilson CLRA demand), and centralizing litigation in the district where Reed's is headquartered will promote consistent outcomes and efficient management if other cases arise.

The District of Connecticut is fully capable of applying California's consumer-protection statutes, and both courts are equally familiar with federal preemption and FDA regulations. On balance, the interests of justice favor litigating where Reed's witnesses and documents are located.

## X. CONCLUSION

For the convenience of parties and witnesses and in the interest of justice, Reed's respectfully requests that the Court transfer this action to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1404(a).

Dated: November 17, 2025.                                        GRAVITAS LAW GROUP

                                                                 By: _____
                                                                     David J. Scharf
                                                                     Attorneys for Defendant
                                                                     REED'S, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

|  |  |
|---|---|
| JARHONDA JONES, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br><br>REED'S, INC.,<br><br>　　　　　Defendant. | Case No. 3:25-cv-07102-JCS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT REED'S, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

　　　Defendant Reed's Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion to Transfer") came on regularly for hearing on_____, before the Honorable Joseph C. Spero, United States Magistrate Judge. David J. Scharf of Gravitas Law Group appeared for Defendant Reed's, Inc. ("Reed's"), and J. Ryan Gustafson appeared for Plaintiff.

　　　Having considered the Motion to Transfer, all papers filed in support of and in opposition thereto, the arguments of counsel, and the record in this matter, and good cause appearing, IT IS HEREBY ORDERED that:

　　　Reed's Motion to Transfer is GRANTED.

　　　This action is TRANSFERRED to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1404(a).

　　　The Clerk of Court is directed to transfer the file in this action to the Clerk of the United States District Court for the District of Connecticut and to close this case on the docket of the Northern District of California.

All pending dates and deadlines in this Court are VACATED.

IT IS SO ORDERED.

Dated: _____                          _____
                                                  Hon. Joseph C. Spero
                                                  United States Magistrate Judge