DAVID J. SCHARF 170083
Gravitas Law Group APC
620 Newport Center Dr. Suite 1100
Newport Beach, CA 92660
(714) 975-8281 Office
(714) 441-5827 Fax
*Counsel for Defendant Reed's Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JARHONDA JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REED'S, INC.,<br><br>Defendant. | Case No. 3:25-cv-07102-JCS<br><br>**DECLARATION OF DOUG MCCURDY IN SUPPORT OF MOTION TO TRANSFER**<br><br>Date: January 7, 2026<br>Time: 9:30 am<br>Courtroom: F, 15th Floor<br>Judge: Hon. Joseph C. Spero |

I, DOUG MCCURDY, declare:

## A. Position and Authority

1.     I am the Chief Financial Officer of Reed's, Inc. ("Reed's" or the "Company"). I have held this position since February 2025. In that role, I am familiar with Reed's corporate structure, business operations, and the locations of its principal offices, employees, and business records.

2.      I make this declaration in support of Defendant Reed's, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (the "Motion"). I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

**B.  Reed's Corporate Headquarters and Principal Place of Business**

3.      Reed's is a Delaware corporation with its principal executive offices and principal place of business at 501 Merritt 7, Norwalk, Connecticut 06851.

4.      Reed's executive, finance, sales, operations, regulatory, and marketing functions are directed and coordinated primarily from its Norwalk, Connecticut headquarters. Senior management and Reed's corporate leadership are based in or regularly work out of the Norwalk office.

**C.  Virgil's Products and Locus of Operative Facts**

5.      Reed's owns and markets the Virgil's line of beverages, including the Virgil's "Handcrafted Black Cherry" and "Black Cherry Zero" products that are at issue in this case.

6.      The key decisions concerning the formulation, labeling, packaging, and marketing of Virgil's beverages—including the Virgil's Black Cherry and Black Cherry Zero products—were made by Reed's employees who are based in, or report to, Reed's Norwalk, Connecticut headquarters.

7.      The individuals most knowledgeable about the development and approval of the challenged product labels and related marketing materials—including personnel responsible for regulatory compliance, quality assurance, product development, and brand/marketing strategy—are in or near Norwalk, Connecticut, or otherwise report to supervisors based there.

**D.  Location of Witnesses**

8.      Based on my knowledge of Reed's organization, the primary Reed's employees who are likely to be witnesses in this case include:

- Regulatory and quality personnel responsible for compliance with food-labeling regulations;

- Marketing and branding personnel involved in the design and approval of Virgil's product labels and advertising;

- Research and development or product formulation personnel familiar with the Virgil's Black Cherry and Black Cherry Zero beverages;

- Finance and sales personnel knowledgeable about sales data and financial issues related to the challenged products.

- These employees are based primarily in Norwalk, Connecticut, or report into Reed's Norwalk headquarters. None of the key Reed's personnel who worked on the formulation or labeling of Virgil's Black Cherry or Black Cherry Zero is based in the Northern District of California.

- In addition to Reed's employees, non-party witnesses such as outside vendors, consultants, and service providers involved in label design, regulatory review, or product development for Virgil's beverages are located closer to Connecticut than to the Northern District of California.

**E.  Location of Documents and Electronically Stored Information**

11.     Documents and electronically stored information ("ESI") relating to the formulation, labeling, marketing, and regulatory review of Virgil's products—including artwork files, label revision histories, internal emails, product specifications, regulatory submissions, and sales data—are maintained on Reed's servers and systems that are administered from its Norwalk, Connecticut headquarters or by personnel who report there.

12.     Physical business records relevant to Reed's corporate operations, including contracts and internal records relating to Virgil's products, are also kept at, or under the control of, personnel located at the Norwalk, Connecticut office.

**F. Connections to the Northern District of California**

13.    Reed's products, including Virgil's beverages, are distributed and sold nationwide through retailers and distributors. Reed's does not maintain its principal executive offices or any offices in the Northern District of California.

14.    Reed's does not maintain any corporate headquarters, principal executive offices, or primary manufacturing facilities in the Northern District of California. Any sales of Virgil's products in this District occur through Reed's nationwide distribution network and are not managed from an office located in this District.

15.    Other than Plaintiff's alleged purchase of a single Virgil's beverage in San Francisco, I am not aware of any unique or substantial connection between the events giving rise to this lawsuit and the Northern District of California.

**G. Burden and Convenience Considerations**

16.    If this case proceeds in the Northern District of California, Reed's Connecticut-based employees who are likely to be witnesses will have to travel across the country for depositions and trial, which would cause significant disruption to Reed's day-to-day business operations and increase travel time and expense.

17.    By contrast, if the case is transferred to the United States District Court for the District of Connecticut, most likely witnesses—including Reed's corporate employees and third-party vendors located near Connecticut—would be substantially closer to the forum, making their participation in the litigation more convenient and less burdensome.

18.    In my view, litigating this case in the District of Connecticut, where Reed's is headquartered and where the challenged corporate decisions were made, would be more efficient and significantly less burdensome for Reed's and for most of the key witnesses.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed this _18_ day of _November_, 2025, at _____Reeds, Inc_____.

501 Merritt 7 Plt

Norwalk, CT 06851

_____
Doug McCurdy
Chief Financial Officer, Reed's, Inc.