DAVID J. SCHARF 170083
Gravitas Law Group APC
620 Newport Center Dr. Suite 1100
Newport Beach, CA 92660
(714) 975-8281 Office
(714) 441-5827 Fax
*Counsel for Defendant Reed's Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JARHONDA JONES, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>REED'S, INC.,<br>Defendant. | Case No. 3:25-cv-07102-JCS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECOVERY OF EXPENSES RESULTING FROM DEFENDANT'S ALLEGED FAILURE TO WAIVE SERVICE**<br><br>Hearing Date: April 22, 2026<br>Time: 9:30 am<br>Courtroom: F, 15th Floor<br>Judge: Hon. Joseph C. Spero |

## I. INTRODUCTION

Defendant Reed's, Inc. ("Defendant") respectfully opposes Plaintiff's Motion for Recovery of Expenses Pursuant to Rule 4(d)(2). The Motion should be denied because Plaintiff's counsel failed to comply with the meet-and-confer requirements of Civil Local Rule 7-8 and this Court's Standing Order before filing this Motion. That threshold procedural defect alone warrants denial.

Beyond the procedural deficiency, Defendant had good cause for the brief delay in executing the waiver of service, as its newly constituted Board of Directors—including a member with extensive litigation experience—reasonably required a short period to review the pending litigation materials. Plaintiff's counsel's impatience does not transform a reasonable corporate governance process into sanctionable conduct.

## II. ARGUMENT

### A. Plaintiff's Motion Must Be Denied for Failure to Meet and Confer.

Civil Local Rule 7-8 of the Northern District of California provides that "[b]efore filing any motion . . . , the moving party must first contact the opposing party to discuss thoroughly, in person or by telephone, each issue that is in dispute." N.D. Cal. Civ. L.R. 7-8. The rule further requires that the moving party certify compliance in the motion itself. This requirement is not a mere formality; it reflects this District's strong policy favoring the informal resolution of disputes without needless judicial intervention.

Here, Plaintiff's counsel filed this Motion without conducting any meet-and-confer whatsoever regarding the substance of the fee request. Plaintiff's counsel never contacted defense counsel to discuss whether the parties could resolve the expense dispute without Court intervention. No telephone call was made. No email was sent requesting a meet-and-confer on this specific issue. No certification of compliance with Local Rule 7-8 appears in Plaintiff's Motion.

This is not a trivial procedural oversight. The purpose of the meet-and-confer requirement is precisely to avoid motions like this one—a discovery or fee dispute that the parties could likely resolve through professional dialogue. Had Plaintiff's counsel simply picked up the telephone before filing, the parties may well have reached a resolution on some or all of the claimed expenses without burdening the Court.

Courts routinely deny motions for failure to comply with Local Rule 7-8; see also N.D. Cal. Civ. L.R. 7-8 (requiring that the moving party "contact the opposing party to discuss thoroughly" each issue in dispute before filing). The failure here is especially notable given that Plaintiff's counsel acknowledges in his own brief that he was in regular communication with defense counsel throughout the service process. If counsel could conduct a Zoom conference about the waiver forms, counsel could certainly have made a phone call before filing a fee motion.

Accordingly, the Motion should be denied without prejudice for failure to comply with the meet-and-confer requirements of this District.

**B. Plaintiff's Waiver Request Was Procedurally Defective Under Rule 4(d)(1).**

Independently, Plaintiff's Motion must fail because the waiver request was never properly directed to Defendant in the first place. Rule 4(d)(1) provides that a plaintiff may request a waiver of service from "an individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)." Fed. R. Civ. P. 4(d)(1). For a corporation, Rule 4(h)(1)(B) requires that service—and by extension a waiver

request—be directed to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Here, Plaintiff's own Motion and exhibits establish that every waiver packet was sent exclusively to defense counsel—not to any officer, managing agent, general agent, or other authorized agent of Reed's, Inc. The Motion recounts that the waiver packets were sent to defense counsel via DropBox, that follow-up communications were directed to defense counsel, and that a Zoom conference was held with defense counsel. At no point does Plaintiff allege that the waiver request was addressed to or served upon an officer or agent of Reed's, Inc. as required by the Rule.

This distinction is not academic. The duty to return a waiver—and the corresponding penalty for failure to do so under Rule 4(d)(2)—arises only when a proper waiver request has been made in compliance with Rule 4(d)(1). A waiver request sent solely to counsel, rather than to an officer or authorized agent of the corporate defendant, does not trigger the duty imposed by the Rule. Because Plaintiff never sent a compliant waiver request to the proper recipient, the predicate for imposing expenses under Rule 4(d)(2) was never established.

Moreover, the fact that defense counsel informally indicated willingness to waive service does not cure the procedural defect. Rule 4(d)(1)(A) requires that the waiver request "be in writing and be addressed . . . to the individual defendant—or, for

a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.” Informal communications with counsel are not a substitute for compliance with the Rule’s express requirements.

**C. Even If the Court Reaches the Merits, Good Cause Existed for the Delay.**

Should the Court consider the merits despite the procedural defect, Defendant submits that good cause existed for the brief delay in returning the executed waiver. Defendant’s Board of Directors was newly constituted, and a new director with twenty years of senior litigation experience at a major law firm reasonably requested time to review the pending litigation. This is not the kind of obstinate or bad-faith refusal that Rule 4(d)(2) is designed to address; it reflects responsible corporate governance.

The Advisory Committee Notes to Rule 4(d) make clear that good cause may exist where a defendant has a legitimate reason for the delay. A newly constituted board’s request to understand pending litigation before authorizing waivers is precisely such a reason. The waiver process is not so urgent that a corporation must forego basic due diligence.

**D. The Fees Requested Are Unreasonable.**

Even if the Court finds that expenses are warranted, the amount requested—$8,756.95—is grossly disproportionate to the task of serving a summons and complaint. The actual cost of service was $61.95. The remaining $8,695.00 represents

9.4 hours of attorney time at $925.00 per hour for preparing this fee motion—a motion that is largely boilerplate and could have been prepared in a fraction of the time claimed.

The hourly rate of $925.00 is also unreasonable for the ministerial task of preparing a Rule 4(d)(2) motion. While such rates may be appropriate for complex class action litigation, they are excessive for a straightforward fee application. Courts have discretion to adjust the rate to reflect the nature of the work performed.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Recovery of Expenses. The Motion should be denied on multiple independent grounds: (1) Plaintiff's failure to meet and confer as required by Civil Local Rule 7-8; (2) Plaintiff's failure to direct the waiver request to an officer, managing agent, or authorized agent of Reed's, Inc. as required by Rule 4(d)(1); (3) Defendant's good cause for the delay; and (4) the unreasonableness of the fees sought.

Respectfully submitted,

Dated: April 9, 2026

David Scharf
Gravitas Law Group APC
Counsel for Defendant Reed's, Inc.