UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JARHONDA JONES,

        Plaintiff,

    v.

REED'S, INC.,

        Defendant.

Case No.  25-cv-07102-JCS

**ORDER GRANTING MOTION FOR COSTS OF SERVICE**

Re: Dkt. No. 38

## I.    INTRODUCTION

Presently before the Court is Plaintiff's Motion for Recovery of Expenses Resulting From Defendant's Failure to Waive Service ("Motion").  The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the motion hearing set for May 6, 2026. For the reasons stated below, the Motion is GRANTED.[1]

## II.    BACKGROUND

The complaint in this case was filed on August 21, 2025.  Dkt. no. 1. On September 3, 2025, David Scharf, an attorney with Gravitas Law Group APC ("Gravitas"), sent an email to Ryan Gustafson, one of the attorneys representing Plaintiff, stating:

> Counsel,
>
> Reed's Inc. has retained Gravitas in the matter of Jones v. Reed's Inc. filed on 8/21/25 Northern District California. I would like to schedule a conference call for next week. Please provide availability. I am in receipt of the complaint, if you would like to forward an acknowledgment of service I will execute and return.
> Sincerely,

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

David Scharf

Declaration of Steffan T. Keeton in Support Of Plaintiff's Motion for The Recovery of Expenses Resulting From Defendant's Failure to Waive Service ("Keeton Motion Decl."), Ex. A.

On September 4, 2025, Mr. Gustafson used Dropbox to share electronically a waiver packet that included a waiver form for Mr. Scharf to sign and return. Keeton Motion Decl., Ex. B. Mr. Scharf asked for confirmation that the shared document was the waiver packet he had asked Plaintiff's counsel to provide and Mr. Gustafson confirmed that it was during a conference between counsel held via Zoom on September 9, 2025. *Id.* On September 16, 2025, having not received the signed waiver form from Mr. Scharf, Mr. Gustafson emailed Mr. Scharf another copy of the summons, along with a waiver form for signature. Keeton Motion Decl., Ex. C. Mr. Gustafson received no response and therefore "circl[ed] back" on September 30, 2025 to ask whether Mr. Scharf would "accept service." Keeton Motion Decl., Ex. D. The next day, Mr. Gustafson sent Mr. Scharf an email stating, "Please let us know if you will sign and return by Friday, October 3, 2025. If not, we'll serve your client." *Id.*

On October 3, 2025, Mr. Scharf responded to Mr. Gustafon's email, stating that he had "not had a chance to review [the service packet]" but that he would "review and execute this weekend." *Id.* In the same email, he noted that:

> Reed's has replaced several board members. One of the new directors was senior litigation counsel at Cooley for 20 years and he has asked for documentation to review all litigation related matters. The documentation is extensive. I do not expect to hear back from him until sometime next week at the earliest.

*Id.* Mr. Gustafson responded the same day, stating, in part:

> This is a matter of service of the summons and complaint only. I don't think this requires declarations and board approval to accept service.

> If you want us to serve your client, we can do that. If not, then please let us know. If we don't hear back from your client by Friday, October, 10, 2025, then we will serve your client.

> We are extending a professional courtesy. Happy to discuss.

> Ryan

*Id.* Having received no response, Plaintiff's counsel served the complaint on October 16, 2025

2

and filed a proof of service on October 22, 2025.  Dkt. no. 8.

On March 16, 2026, Plaintiff filed the instant Motion seeking an award of the costs incurred in serving the complaint ($61.95) and the attorneys' fees incurred in bringing the Motion ($8,695). As stated in the docket entry, and consistent with Civil Local Rule 7-3(a), Defendant's opposition was due on March 30, 2026.  Defendant failed to file a timely opposition based on an incorrect understanding of the Local Rules but the Court permitted a late opposition to be filed and reset the deadline for Defendant's reply brief. *See* dkt. no. 43.[2]

In its Opposition, Defendant argues that the Motion should be denied because: 1) Plaintiff did not meet and confer with Defendant before filing the Motion; 2) Plaintiff did not adhere to the requirements of Rule 4(d)(1) because the waiver packet was sent to Mr. Schwartz rather than to an officer of the defendant;  3) there was good cause for Defendant's delay in returning the form because a new director with extensive litigation experience had recently been appointed to the Board and had requested time to review litigation materials in the case; and 4) the amount Plaintiff requests in fees is unreasonable.

## III.    ANALYSIS

### A.    Legal Standards

Federal Rule of Civil Procedure 4(d) governs waiver of service of process. Pursuant to this rule, "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed.R.Civ.P. 4(d)(1). Accordingly, a plaintiff "may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." *Id*.  The notice and request must meet the following requirements:

> (A) be in writing and be addressed:
>
> (i)    to the individual defendant; or
>
> (ii)    for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of

---

[2] The Court notes that it ruled on Defendant's administrative request before Plaintiff's response in light of its strong preference to decide this sanctions motion on the merits.

United States District Court
Northern District of California

process;

  (B) name the court where the complaint was filed;

  (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

  (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

  (E) state the date when the request is sent;

  (F) give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and

  (G) be sent by first-class mail or other reliable means.

Fed.R.Civ.P. 4(d)(1).

  When a defendant located within the United States "fails, without good cause, to sign and return a waiver requested by a plaintiff within the United States, the court must impose" two separate types of expenses on the defendant. Fed.R.Civ.P. 4(d)(2). A defendant must pay to the plaintiff "the expenses later incurred in making service," Fed.R.Civ.P. 4(d)(2)(A), and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses," Fed.R.Civ.P.. 4(d)(2)(B). Rule 4's purpose "is 'to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel.' " *Estate v. Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (quoting Fed. R. Civ. P. 4(d) Advisory Committee Note on 1993 Amendments). Thus, while " '[a] defendant failing to comply with a request for a waiver shall be given an opportunity to show good cause for the failure, . . . sufficient cause should be rare.' " *Id.* (quoting Fed. R. Civ. P. 4(d) Advisory Committee Note on 1993 Amendments).

  **B. Failure to Meet and Confer**

  Defendant argues that the Motion should be denied because Plaintiff's counsel did not meet and confer with defense counsel before filing the Motion or file a certification that the meet-and-confer requirement had been satisfied. Opposition at 2. In particular, Defendant states in his Opposition:

4

> Civil Local Rule 7-8 of the Northern District of California provides that "[b]efore filing any motion . . . , the moving party must first contact the opposing party to discuss thoroughly, in person or by telephone, each issue that is in dispute." N.D. Cal. Civ. L.R. 7-8. The rule further requires that the moving party certify compliance in the motion itself.

Opposition at 2.

In fact, Rule 7-8 of this Court's Civil Local Rules states something completely different:

> Motions for Sanctions — Form and Timing
> Any motion for sanctions, regardless of the sources of authority invoked, must comply with the following:
>
> (a) The motion must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2;
>
> (b) The form of the motion must comply with Civil L.R. 7-2;
>
> (c) The motion must comply with any applicable Federal Rule and must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate; and
>
> (d) Unless otherwise ordered by the Court, no motion for sanctions may be served and filed more than 14 days after entry of judgment by the District Court.

Civ.L.R. 7-8.

As Plaintiff's counsel was not required to meet and confer with Defendant's counsel before filing the Motion, this argument has no merit.[3] Counsel's misstatement of the law is particularly troubling in light of the Court's previous warning to counsel that "going forward it expect[ed] counsel to be familiar with and abide by this Court's Local Rules." Docket no. 43. Whether counsel's misrepresentation is the result of hallucination by artificial intelligence or lack of diligence, further such misstatements of the law will likely result in the imposition of sanctions by the Court.

---

[3] The Court, of course, encourages parties to meet and confer before filing a motion where doing so might avert the need for motion practice (and requires that the parties do so in the case of discovery disputes). *See* Civil Standing Orders of Magistrate Judge Joseph C. Spero, effective August 26, 2025 ¶ 9. Under the circumstances here, however, where Plaintiff's counsel on multiple occasions requested a response from Mr. Scharf regarding when – or even if – Defendant would return the waiver form and received no response, it was reasonable for Plaintiff's counsel to file the motion without further efforts to communicate with Mr. Scharf.

5

### C.    Failure to Comply With Rule 4(h)(1)

Defendant asserts that the penalties afforded under Rule 4(d)(2) are not available here because "every waiver packet was sent exclusively to defense counsel—not to any officer, managing agent, general agent, or other authorized agent of Reed's, Inc." as required under Rule 4(d)(1)(A)(ii).  Opposition at 4-5.   The Court rejects this argument.

The Ninth Circuit has emphasized that "the purpose of Rule 4(d) is 'to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel.'" *Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (quoting Fed.R.Civ.P. 4(d) Advisory Committee note on 1993 amendments).  "To underscore this policy, Rule 4(d)(2) imposes a *duty* to avoid unnecessary costs of service." *Id.*  (emphasis in original).  Consistent with that policy, courts in the Ninth Circuit (and in other Circuits as well) have found that substantial compliance with Rule 4(d)(1) is sufficient so long as the defendant was not prejudiced by the defect in the Plaintiff's request for a waiver.  *See, e.g., Carson v. Verismart Software*, No. C 11-03766 LB, 2012 WL 13055143, at *1 (N.D. Cal. Mar. 28, 2012) (finding that plaintiff was entitled to costs of service under Rule 4(d)(2) even though notice stated that defendant had 20 rather than 30 days to respond and included state rather than federal waiver form because the plaintiff substantially complied with Rule 4(d) and defendant was not prejudiced by defects); *Dymits v. Am. Brands, Inc.*, No. C 96-1897 CW, 1996 WL 751111, at *16 (N.D. Cal. Dec. 31, 1996) (finding that plaintiff was entitled to costs of service under Rule 4(d)(2) even though plaintiff did not send two copies of the notification and the waiver form did not include certain required language because the plaintiff substantially complied with Rule 4(d) and the defendants were not prejudiced by the defect); *Brinks Glob. Servs. USA, Inc. v. Bonita Pearl Inc.*, 686 F. Supp. 3d 357, 366 (S.D.N.Y. 2023)( rejecting defendants' argument that request for costs under Rule 4(d) failed because the waiver requests were addressed to the corporations or companies named as defendants and not to an officer, a managing or general agent, or other agent  as required by Rule 4(d)); *Trevino v. D.H. Kim Enters., Inc.*, 168 F.R.D. 181, 183 (D. Md. 1996) (finding that use of outdated waiver form did not render service invalid because the plaintiff had substantially complied with the requirements of Rule 4(d)).

6

United States District Court
Northern District of California

Here, Plaintiff substantially complied with Rule 4(d)(1) in directing the service packet to Defendant's counsel.  Based on the record before the Court, there can be no doubt that Mr. Scharf was representing himself as acting as Defendant's agent in his communications with Plaintiff's counsel (as indeed, he was), having represented to Mr. Gustafson in an email that he was representing Reed's Inc. in this case and stating in the same email that he agreed to waive service. It is also crystal clear that Mr. Schwartz understood that the waiver packet was being sent to him as Reed's general agent in connection with service of the complaint in this case.   Furthermore, there is no evidence that Defendant was prejudiced by the fact that Plaintiff directed the service packet to Defendant's counsel.  Therefore, even assuming Plaintiff violated the technical requirements of Rule 4(d)(1) (a finding the Court does *not* make here),  Plaintiff is entitled to costs under Rule 4(d)(2) because counsel substantially complied with Rule 4(d)(1) and Defendant suffered no prejudice from any defect in the waiver notice.

### D.    Good Cause

Defendant also asserts it should be excused from paying Plaintiff's costs under Rule 4(d)(2) because its delayed response to Plaintiff's waiver request was related to a request from a new Board member with litigation experience for time to review "the pending litigation." Opposition at 5. Defendant cites no authority whatsoever that suggests that such circumstances constitute "good cause" under Rule 4(d).  Moreover, the record undercuts Defendant's position as Mr. Gustafson explicitly pointed out to Mr. Scharf that Board approval was not required to waive service and Mr. Scharf neither responded nor requested an extension of the deadline to waive service.  *See* Keeton Motion Decl., Ex. D.

### E.    Amount of Costs and Fees

Plaintiff has supplied evidence that the cost of service was $61.95, Keeton Motion Decl. ¶ 18, and Defendant does not challenge this amount, to which Plaintiff is clearly entitled under Rule 4(d)(2)(A). Plaintiff also presents evidence that $8,695 in attorneys' fees were incurred in connection with the Motion based on 9.4 hours of work at an hourly rate of $925; that rate is the rate charged by Steffan Keeton, who is co-counsel on this case along with Mr. Gustafson and who performed the work on the instant motion.  Keeton Motion Decl., ¶¶ 10-16.  Defendant argues that

United States District Court
Northern District of California

the amount Plaintiff seeks in fees is "grossly disproportionate to the task of serving a summons and complaint" and that the amount should be reduced because the motion is "largely boilerplate and could have been prepared in a fraction of the time." *Id.*   The Court rejects these arguments.

First, the motion papers filed by Defendant are not boilerplate but are, instead, appropriately tailored to the facts of this case.  Second, this case is a putative class action involving deceptive food labelling – an area in which Mr. Keeton has extensive experience. *See* Motion at 7-8 (listing complex litigation in which Mr. Keeton has served as counsel). Plaintiff has established that Mr. Keeton's hourly rate is commensurate with the hourly rates charged by attorneys with comparable experience in this district and that is all that is required.  Finally, the Court finds the time billed to be reasonable, especially as Plaintiff's counsel was required to respond to a series of meritless arguments in Defendant's opposition brief. Accordingly, the Court finds that Plaintiff is entitled to the full amount requested in the Motion.

## IV.    CONCLUSION

For the reasons stated above, the Motion is GRANTED. Plaintiff is awarded $8,756.95 under Rule 4(d)(2).  This amount shall be paid within 30 days.

**IT IS SO ORDERED.**

Dated:  April 29, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge